IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ERIC GARCIA RODRIGUEZ,

    Plaintiff,

    v.                                              CIVIL NO. 03-2238 (RLA)

JOSE A. ANDREU GARCIA, et al.,

    Defendants.

**ORDER IN THE MATTER OF DEFENDANTS' MOTION TO DISMISS**

Plaintiff instituted this suit under 42 U.S.C. §§ 1983 and 1988 claiming violation of his rights as protected by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Additionally, claims have been asserted under Art. II, secs. 1, 4, 7 and 8 of the Constitution of Puerto Rico as well as the local tort provisions, art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 (1990) pursuant to our supplemental jurisdiction.

According to the complaint plaintiff was arrested for allegedly having failed to pay alimony due his former spouse. Plaintiff contends that once arrested, rather than bringing him before a judge as the arrest warrant allegedly provided he was taken instead to the Bayamon State Penitentiary where he remained for five days until bail was posted by his relatives.

**CIVIL NO. 03-2238 (RLA)** **Page 2**

Named defendants[1] sued in their individual capacity are: (1) JOSE ANDREU GARCIA, former Chief Justice of the Puerto Rico Supreme Court, (2) MERCEDES BAUERMEISTER, former Court Administrator, (3) ADALBERTO ROJAS, Regional Director of the Marshals Office in Caguas, (4) JAIME SANTIAGO, Caguas Supervisor of the Marshals Office, and (5) JOSE SALABARRIA, the marshal who arrested him.

Defendants have moved the court to dismiss the complaint for failure to state a claim which plaintiff has opposed.

## THE FACTS ACCORDING TO THE COMPLAINT

According to the complaint, on October 22, 2002 the Hon. Judge MARITZA RAMOS MERCADO issued a warrant of arrest against plaintiff for his failure to pay alimony in the outstanding amount of $27,000.00.

The arrest warrant provided that upon his arrest plaintiff was to be taken before a judge to show evidence of at least a partial payment in the sum of $10,000.00. Should plaintiff fail to present evidence of partial payment the judge would then order his imprisonment.

On November 15, 2002 an unknown member of the Marshal's Office went to plaintiff's residence to serve the warrant. Inasmuch as plaintiff was not home at the time the Marshal left a message with

---

[1] Defendants occupied their respective positions at all relevant times.

**CIVIL NO. 03-2238 (RLA)**                                                              **Page 3**

plaintiff's wife suggesting that plaintiff visit the Marshal's Office located at the Caguas Courthouse as soon as possible.

On November 18, 2002 plaintiff went to the Caguas Marshal's Office and informed codefendant SANTIAGO that he had been instructed to come to the Office to resolve a matter.

Codefendant SANTIAGO referred plaintiff to the Marshal's Office Arrests Division where codefendant SALABARRIA "arrested plaintiff, placed him in an official vehicle and transported him to the Bayamón Penitentiary" and told plaintiff that "he was going to stay there until he paid the $10,000.00 that the warrant ordered."[2]

Plaintiff remained in the penal institution for a period of five days until bail was paid by his relatives.[3]

Plaintiff avers that "[t]he actions of these defendants were illegal since the [warrant] made it very clear that he was to be taken to a judge after the arrest and that [sic] judge was the one who would consider his imprisonment."[4]

No further facts are alleged.

### FAILURE TO STATE A CLAIM

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor.

---

[2] Complaint ¶ 18.

[3] Complaint ¶ 19.

[4] Complaint ¶ 20.

**CIVIL NO. 03-2238 (RLA)**                                              **Page 4**

---

Frazier v. Fairhaven Sch. Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) *cert. denied* 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

### § 1983 ELEMENTS

The complaint charges violation of 42 U.S.C. § 1983 which reads:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

**CIVIL NO. 03-2238 (RLA)** **Page 5**

---

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

Section 1983 does not create substantive rights but is rather a procedural mechanism for enforcing constitutional or statutory rights. Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Hence, it is plaintiffs' burden to identify the particular underlying constitutional or statutory right that is sought to be enforced via judicial proceedings.

In order to prevail in a § 1983 claim plaintiff must bring forth evidence that defendant (1) acted "under color of state law" and (2) deprived plaintiff of a federally protected right. Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999); Rogan v. City of Boston, 267 F.3d 24 (1st Cir. 2001); Dimarco-Zapa v. Cabanillas, 238 F.3d 25, 33 (1st Cir. 2001); Collins v. Nuzzo, 244 F.3d 246 (1st Cir. 2001);

All parties concede that the defendants were acting within the scope of their duties as state officers at all relevant times. Therefore, the first element is satisfied. We must then ascertain whether plaintiff was deprived of any federally protected right as a result of the events described in the complaint.

**CIVIL NO. 03-2238 (RLA)**                                                                 **Page 6**

## FOURTH AMENDMENT

### False Imprisonment

Defendants argue that plaintiff's arrest was legal inasmuch as Marshal SALABARRIA acted pursuant to a valid warrant issued by a judge which directed him to arrest plaintiff and incarcerate him if he did not provide evidence of payment. Plaintiff does not attack the validity of his arrest so there is no reason to address its legality. Rather, plaintiff claims that pursuant to the executed warrant the arresting officer had no authority to imprison him but was instead required to bring him before a judge who would then decide his fate. The complaint specifically avers that the warrant "made it very clear that [plaintiff] was to be taken to a judge after the arrest and that [the] judge was the one who would consider his imprisonment." Complaint ¶ 20.

The right to be free from false imprisonment stems from the Fourth Amendment's protection against unreasonable searches and seizures. Peña-Borrero v. Estremeda, 365 F.3d 7, 13 n.8 (1st Cir. 2004). In order to prevail in his false imprisonment claim plaintiff would need to establish that: "(1) the defendant intended to confine [him]; (2) [he] was conscious of the confinement; (3) [he] did not consent to the confinement; and (4) the defendant had no privilege to cause the confinement." Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 3 n.6 (1st Cir. 1995).

**CIVIL NO. 03-2238 (RLA)**                                                                                         **Page 7**

Inasmuch as we are required to accept plaintiff's facts as proffered we must assume that the arresting officer had no authority under the terms of the warrant to incarcerate plaintiff. The warrant solely empowered the marshal to arrest plaintiff and to deliver him before a judge. The authority to imprison plaintiff lay with the court, not the marshal. Hence, defendants' request for dismissal of the false imprisonment claim is **DENIED**.

### Unreasonable Searches and Excessive Use of Force

As defendants correctly point out in their motion, even though plaintiff alludes to a violation to his constitutional right to be free from the use of excessive force and from unreasonable searches[5] there are no facts in the pleading addressing either the particular manner in which his arrest was conducted or any search to support such a claim.[6]

Accordingly, the claim for excessive use of force and unreasonable search is **DISMISSED**.

### DUE PROCESS

Defendants further challenge plaintiff's due process claim claiming that prior to the issuance of the arrest warrant plaintiff had been afforded all process due. It appearing, however, that

---

[5] Complaint ¶ 33.

[6] As a matter of fact, in his opposition plaintiff did not respond to defendants' argument in this regard.

plaintiff was precluded from his right to appear before a judge upon his arrest this argument carries no weight and is therefore, **DENIED**.

## EIGHTH AMENDMENT

The complaint alleges violations of the Eighth Amendment to the Constitution of the United States. Conditions of confinement and the treatment afforded sentenced prisoners is subject to the Eighth Amendment restraints against "cruel and unusual punishments". Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811, 822 (1994); Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999).

There are no allegations in the complaint regarding conditions of confinement. Accordingly, the Eighth Amendment claims are **DISMISSED**.

## SUPERVISORY LIABILITY

Codefendants ANDREU GARCIA, BAUERMEISTER and ROJAS seek to dismiss the claims asserted against them arguing that they were not personally involved in the events giving rise to this litigation.

The doctrine of *respondeat superior*, whereby liability is imposed on employers for the acts or omissions of their employees is inapposite in actions brought under § 1983. Supervisors will be held accountable under this provision solely "on the basis of [their] own acts or omissions". Barreto-Rivera, 168 F.3d at 48; Diaz v. Martinez, 112 F.3d 1, 4 (1st Cir. 1997); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994); Gutierrez-Rodriguez v. Cartagena,

**CIVIL NO. 03-2238 (RLA)**                                           **Page 9**

882 F.2d 553, 562 (1st Cir. 1989). "[O]nly those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." Cepero-Rivera, 414 F.3d at 129.

Rather, "[s]uch liability can arise out of participation in a custom that leads to a violation of constitutional rights, or by acting with deliberate indifference to the constitutional rights of others." Diaz v. Martinez, 112 F.3d at 4 (citations omitted).

Further, for plaintiff to prevail he must bring evidence of a casual connection or relationship between the alleged misconduct and the supervisor's acts or omissions. "A supervisory officer may be held liable for the behavior of his subordinate officers where his action or inaction [is] affirmative[ly] link[ed]... to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002) (citations and internal quotations omitted); Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 279 (1st Cir. 2000); Barreto-Rivera, 168 F.3d at 48; Maldonado-Denis, 23 F.3d at 582; Gutierrez-Rodriguez, 882 F.2d at 562.

In support of the supervisors' liability claim plaintiff charges that the decisions of ANDREU, BAUERMEISTER and ROJAS "have resulted in a totally inadequate selection and training"[7] of the marshals in Caguas. Plaintiff further alleges that "[t]he supervisory policies...

---

[7] Complaint ¶ 24.

**CIVIL NO. 03-2238 (RLA)** **Page 10**

[were] grossly inefficient and fail[ed] to prevent, detect or punish incidents of unwarranted abuses against citizens. They also failed to properly train and teach the defendants to exert the high degree of self control required from them when intervening with citizens such as plaintiff. [Defendants] have grossly ignored the deficiencies in the selection, training and supervision of the marshals assigned to the [Caguas] Office, including the defendants in the instant case, and the dangers posed by such inefficiencies to the safety and well being of plaintiff as well to other citizens like them."[8]

The pleading further alleges the improper selection, training as well as "poor psychological profile and social history" of the Caguas marshals.[9] It further avers that the "supervisory defendants knew or should have known the prior disciplinary problems of the Marshals, including the defendants, assigned to the [Caguas] Office. In a grossly negligent manner or acting with deliberate indifference, defendants ignored the prior actions of these Marshals thus, permitting or indifferently acquiescing to the civil right[s] deprivation suffered by plaintiff."[10]

Additionally, plaintiff claims that the supervisory defendants were responsible for supervising, evaluating and ensuring the

---

[8]   Complaint ¶ 24.

[9]   Complaint ¶ 25.

[10]   Complaint ¶ 27.

**CIVIL NO. 03-2238 (RLA)** **Page 11**

adequate training of codefendants SANTIAGO and SALABARRIA[11] and that they "knew or should have known and identified the[ir] dangerous tendencies... and the risk that they represented".[12]

However, there are no facts set forth in the complaint dealing with police brutality. Rather, plaintiff's allegations are limited to his purportedly illegal detention resulting from not having been taken before a judge prior to his incarceration. We find there is no connection between any acts or omissions of the supervisors and the alleged illegal confinement. Thus, we conclude that there is no basis for supervisory liability in this case.

Accordingly, the §§ 1983 and 1988 claims asserted against ANDREU GARCIA, BAUERMEISTER and ROJAS are hereby **DISMISSED**.[13]

Based on the foregoing, it is further ORDERED that the remaining claims against these defendants shall likewise be **DISMISSED**.

### CONCLUSION

Based on the foregoing, defendants' Motion to Dismiss (docket No. **13**)[14] is disposed of as follows:

– Defendants' request for dismissal of the Fourth Amendment false imprisonment claim is **DENIED**.

---

[11] Complaint ¶ 30.

[12] Complaint ¶ 31.

[13] Inasmuch as we have dismissed the claims asserted against ANDREU GARCIA, BAUERMEISTER and ROJAS there is no need to entertain their qualified immunity defense.

[14] *See*, Opposition (docket No. **17**).

**CIVIL NO. 03-2238 (RLA)**                                                      **Page 12**

- The Fourth Amendment claim for excessive use of force and unreasonable search is **DISMISSED**.
- Defendants' request for dismissal of plaintiff's due process claim is **DENIED**.
- Plaintiff's Eighth Amendment claims are **DISMISSED**.
- All claims asserted against ANDREU GARCIA, BAUERMEISTER and ROJAS are hereby **DISMISSED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 30th day of November, 2005.

                                              S/Raymond L. Acosta
                                              RAYMOND L. ACOSTA
                                    United States District Judge